UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BENJAMIN H. BROWNE, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|     vs. | )  Cause No. 1:15-cv-534-WTL-DKL |
| | ) |
| MARION COUNTY JUVENILE CENTER, | ) |
| | ) |
|   Defendant. | ) |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on Defendant Marion County Juvenile Center's ("MCJC")

motion for summary Judgment (Dkt. No. 30).  The Plaintiff has not filed a response to the

motion.[1]  The Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

## I.      APPLICABLE STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if

the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law."  In ruling on a motion for summary judgment, the

admissible evidence presented by the non-moving party must be believed and all reasonable

inferences must be drawn in the non-movant's favor.  *Hemsworth v. Quotesmith.com, Inc.*, 476

F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view

the record in the light most favorable to the nonmoving party and draw all reasonable inferences

---

[1]The Defendant filed the instant motion for summary judgment on February 16, 2016. On the same day, the Defendant sent the Plaintiff a notice regarding the right to respond to the motion for summary judgment as required by Local Rule 56-1(k).  Pursuant to Local Rule 56-1(b), the Plaintiff's response was due on March 18, 2016.  The Plaintiff did not file a response by that date.  On June 14, 2016, the Court ordered Browne to show cause, in writing, by July 1, 2016, why the motion for summary judgment should not be granted.  Browne also has not filed a response to the order to show cause.

in that party's favor.").  However, "[a] party who bears the burden of proof on a particular issue

may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations,

that there is a genuine issue of material fact that requires trial."  *Hemsworth*, 476 F.3d at 490.

Browne's "pro se status doesn't alleviate his burden on summary judgment."  *Arnett v. Webster*,

658 F.3d 742, 760 (7th Cir. 2011).  Finally, because the Plaintiff failed to respond to the

Defendant's motion for summary judgment, the facts asserted by the Defendant in its motion are

deemed admitted by the Plaintiff to the extent that they are supported by evidence in the record.

*See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) (citations omitted).

"However, a nonmovant's failure to respond to a summary judgment motion  . . . does not, of

course, automatically result in judgment for the movant."  *Id.* (citations omitted).  Rather, the

Defendant must still demonstrate that it is entitled to judgment as a matter of law.  *See id.*

## II.     BACKGROUND

Plaintiff Benjamin H. Browne alleges in his Amended Complaint that he was terminated

from his employment at the MCJC on account of his race and disability in violation of Title VII

and the ADA.  An administrative law judge who reviewed whether Browne was entitled to

unemployment benefits determined that Browne was terminated without "just cause" because

"the employed [had] only shown a few errors on [Browne's] part, and has failed to prove all of

its points."  Dkt. No. 1-1.

Because "[a]t the summary judgment stage of a proceeding, a plaintiff must 'put up or

shut up' and show what evidence he has that would convince a trier of fact to accept his version

of events," *Olendzki v. Rossi*, 765 F.3d 742, 749 (7th Cir. 2014), and Browne has not filed any

response to the motion for summary judgment and therefore has pointed to no such evidence,

each of the properly supported facts set forth by MCJC in its statement of undisputed facts is, in

fact, undisputed for purposes of this ruling.  Those facts are set forth below.

Browne began working for the MCJC on January 20, 2009, in the position of Youth Manager.  Browne was promoted to an Assistant Team Leader position in October 2009, promoted again in September 2011 to an Assistant Shift Manager position, and promoted a third time to a Shift Supervisor position in April 2013.

MCJC's "Classification Specification" for the Shift Supervisor position sets forth eight specific tasks required of the position, including maintaining accurate records on youth management staff attendance, approving time sheets for employees under their supervision, and ensuring that those employees are in compliance with MCJC policies.

While Browne was an Assistant Shift Manager, he was issued a Corrective Action Record and "1st Written Warning" in April 2012 for poor work performance, insubordination or failure to follow instructions, and neglect or failure to perform assigned duties.  In July 2012, Browne was issued a three-day suspension for failing to report to work or call in two hours prior to the start of his shift.

After his promotion to Shift Supervisor, Browne was issued a one-day suspension in July 2013 for poor work performance, insubordination or failure to follow instruction, and neglect or failure to perform assigned task after he failed to update the attendance roster for the staff on his shift as directed by his supervisor.

On October 25, 2013, Browne sent MCJC management an email indicating that he was suffering from a swollen left foot and had been advised to stay off of it until his doctor's appointment, which was scheduled for the next day.  On October 28, 2013, MCJC received a letter from Browne's physician that Browne could return to work on November 2, 2013.

On November 6, 2013, Browne was issued a Corrective Action Record and recommended for termination for the following performance problems:

> A review of the last few months of your performance has revealed some critical concerns regarding your abilities as a supervisor. You have demonstrated a pattern of inappropriate behavior by missing mandatory meetings. During these meetings we review critical information for you to be able to support your staff and goals of this facility. There have been numerous complaints by your staff regarding failures to follow up when they are having issues with pay or other time-sheet issues. When you do respond it is not timely. The Superintendent has requested on two occasions a response from you regarding the status of employee AR which was not responded to in a timely manner. Your last corrective action was given to you on July 16, 2013 where you received a one (1) day suspension.

Dkt. No. 32-9 at 2.

During the November 6, 2013, meeting with Browne, MCJC Superintendent Charles Parkins advised Browne that "if he so chose [Parkins] would consider him in a Shift Facilitator position as [Parkins] felt he does well directly working with kids but appears to struggle managing staff. Browne advised that he [was] currently having difficulties with gout in his foot and would not be able to accept a demotion to Shift Facilitator and would rather have the termination." Dkt. No. 32-10. Prior to that meeting, Parkins had been unaware that Browne had a medical condition that could possibly impair his ability to function as a shift facilitator.

## III.   DISCUSSION

In his Amended Complaint, Browne alleges that his employment was terminated because of his race and disability.[2] Because he has not filed any response to the motion for summary judgment, despite being given an extra opportunity to do so, Browne has pointed to no evidence from which a reasonable jury could determine that race or disability played a role in the Defendant's decision to terminate him. The fact that Browne might suspect that to be the case is not enough. *Herzog v. Graphic Packaging Int'l, Inc.*, 742 F.3d 802, 806 (7th Cir. 2014) ("'[I]nferences that are supported by only speculation or conjecture will not defeat a summary

---

[2]Browne does not identify what his disability is in either his Amended Complaint or his EEOC Charge.

judgment motion.'") (quoting *Tubergen v. St. Vincent Hosp. & Health Care Ctr., Inc.,* 517 F.3d

470, 473 (7th Cir. 2008)).  Nor is the fact that Browne disputes that he had issues with his

behavior and performance, *see* Dkt. No. 16-1 (EEOC Charge) or the fact that an administrative

law judge determined that he was terminated without "just cause" evidence that Browne was

terminated for discriminatory reasons.  *Silverman v. Bd. of Educ. of City of Chicago*, 637 F.3d

729, 738 (7th Cir. 2011) ("We have said in substance more times than we can count that when an

employer articulates a plausible, legal reason for discharging the plaintiff, "it is not our province

to decide whether that reason was wise, fair, or even correct, ultimately, so long as it truly was

the reason for the plaintiff's termination.").

MCJC has offered non-discriminatory reasons, supported by evidence, to explain why

Browne was terminated.  Browne has provided no evidence from which a reasonable jury could

conclude that those reasons are false and that he was, in fact, terminated because of his race or a

disability.   Accordingly, the MCJC is entitled to summary judgment on all of Browne's claims.

## IV.    CONCLUSION

For the reasons set forth above, the Defendant's motion for summary judgment is

**GRANTED**.

SO ORDERED: 7/14/16

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**Benjamin H. Browne**
**12510 Bent Oak Lane**
**Indianapolis, IN 46236**

Copies to all counsel of record via electronic notification